**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAMERON HUSTY, derivatively on behalf of Nominal Defendant CATALENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>J. MARTIN CARROLL, MADHAVAN BALACHANDRAN, MICHAEL BARBER, ROLF CLASSON, ROSEMARY CRANE, KAREN FLYNN, JOHN GREISCH, CHRISTA KREUZBURG, GREGORY LUCIER, ALESSANDRO MASELLI, DONALD MOREL, JACK STAHL, PETER ZIPPELIUS, and JOHN CHIMINSKI,<br><br>Defendants,<br><br>-and-<br><br>CATALENT, INC.,<br><br>Nominal Defendant. | ) | Civil Action No.: 1:23-cv-00891-MN |

**STIPULATION AND ORDER STAYING CASE**

Plaintiff Cameron Husty ("Plaintiff"), who seeks to bring claims derivatively on behalf of Nominal Defendant Catalent, Inc. ("Catalent"), by and through his counsel, and Defendants (defined below), by and through their counsel, hereby stipulate to the following:

WHEREAS, on August 11, 2023, Plaintiff filed a complaint asserting claims putatively on behalf of Catalent against Defendants J. Martin Carroll, Madhavan Balachandran, Michael J. Barber, Rolf Classon, Rosemary A. Crane, Karen Flynn, John J. Greisch, Christa Kreuzburg, Gregory T. Lucier, Alessando Maselli, Donald E. Morel, Jr., Jack Stahl, Peter Zippelius, and John Chiminski (collectively, the "Individual Defendants," and together with Catalent, the "Defendants;" Defendants together with "Plaintiff" are the "Parties"), who are certain current

and former executive officers or directors of Catalent, titled *Husty v. Carroll, et al.*, Case No. 1:23-cv-00891-MN (D. Del.) (the "Derivative Action");

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and a related putative class action captioned *City of Warwick Retirement System v. Catalent, Inc. et al.*, Docket No. 3:23-cv-01108-ZNQ-DEA (D.N.J.) (the "Securities Action");

WHEREAS, Catalent, John Chiminski, and Alessandro Maselli also are defendants in the Securities Action;

WHEREAS, certain relief requested in the Derivative Action may be affected by the outcome of the Securities Action, and the outcome of the Securities Action may inform the manner in which the Derivative Action proceeds;

WHEREAS, given the circumstances of the Derivative Action, in the interests of judicial efficiency, and to preserve the Parties' and the Court's resources, the Parties agree that it is appropriate to stay the Derivative Action until the court in the Securities Action rules on an anticipated motion to dismiss the Securities Action; and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. Defendants hereby accept service of the complaint filed in the Derivative Action.

2. All proceedings and deadlines in the Derivative Action, including all deadlines, hearings, and conferences, shall be temporarily stayed until such date that the court in the Securities Action enters an order that grants or denies in part or full defendants' motion to dismiss

in the related Securities Action. No more than thirty (30) days after the ruling on defendants' motion to dismiss the Securities Action, the Parties shall meet and confer concerning a schedule for further proceedings in the Derivative Action, including whether a further stay of this action is appropriate, and advise the Court accordingly. If the Parties are unable to agree on whether a continued stay of this action is appropriate, the Parties will submit a schedule for briefing on a motion to continue the stay. The Derivative Action shall remain stayed until the Parties agree that a stay is no longer warranted or the Court's ruling on a motion to continue the stay.

3. Defendants shall not be required to move, or otherwise respond, to the complaint in the Derivative Action during the pendency of the stay.

4. Defendants shall promptly notify Plaintiff of any derivative actions filed in any forum involving Catalent regarding the same allegations made in the Derivative Action ("Related Derivative Action").

5. If any Related Derivative Action is not stayed for the same or longer duration as the stay of the Derivative Action, Plaintiff may terminate this stipulated stay upon ten days' written notice via email to the undersigned counsel for Defendants. If Plaintiff terminates the stipulated stay pursuant to this paragraph, Defendants reserve the right to file a motion for a further stay of proceedings, which Plaintiff may oppose, pursuant to the process in Paragraph 2.

6. In the event that a mediation or court-ordered settlement conference is held in an effort to settle the Securities Action, counsel for Defendants shall provide counsel in this action with reasonable advance notice of said mediation and shall make a good faith effort to include Plaintiff in such mediation (subject to permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiff is not permitted to attend such mediation and/or settlement conference, Defendants will make a good-

faith effort to mediate separately with Plaintiff within thirty (30) days of the mediation of the Securities Action. Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other plaintiffs in a related derivative action and shall include Plaintiff in any such mediation.

7. Notwithstanding the agreed-upon stay of the Derivative Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

8. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Derivative Action, except for objections to insufficient process or insufficient service of process.

[Signature Page Follows]

Dated: February 14, 2024

**RIGRODSKY LAW, P.A.**

*/s/ Herbert W. Mondros*
Seth Rigrodsky (No. 3147)
Gina M. Serra (No. 5387)
Herbert W. Mondros (No. 3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
(302) 295-5310
sdr@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

*Counsel for Plaintiff*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Michael A. Barlow*
Michael A. Barlow (#3928)
500 Delaware Avenue, Suite 200
Wilmington, Delaware 19801
(302) 302-4030
michaelbarlow@quinnemanuel.com

OF COUNSEL:

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7036
Email: jessebernstein@quinnemanuel.com

*Counsel for Defendants*

IT IS SO ORDERED this 20th day of February 2024.

Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge